UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jerry E. Johnson, | Case No.: 2:22-cv-00642-JAD-DJA |
| Petitioner | **Order Granting Respondents' Motion to Dismiss the Petition, Granting Motion to Seal, Denying Motion to Strike, Denying Certificate of Appealability, and Closing Case** |
| v. | |
| Calvin Johnson,[1] *et. al.*, | |
| Respondents | [ECF Nos. 17, 32, 41] |

High Desert State Prison (HDSP) inmate Jerry E. Johnson petitions *pro se* for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2017 Nevada state-court conviction for sexual assault.[2] Johnson asserts several violations of his constitutional rights, including that he was denied due process when the court refused to sever the charges and prevented him from presenting a complete defense, and his trial counsel was ineffective. Respondents move to dismiss the entire petition as untimely, and they alternatively seek to dismiss part of Johnson's ineffective-assistance-of-trial-counsel claim in ground six as procedurally defaulted.[3] Because I find—and Johnson acknowledges—that his petition is untimely because it was filed more than a month after the one-year limitation period expired, and because Johnson has not demonstrated that he is entitled to equitable tolling, I grant the motion to dismiss and deny a certificate of appealability. I also grant the motion for leave to file Johnson's presentence investigation report under seal, and I deny Johnson's motion to strike the respondents' reply brief.

---

[1] The state corrections department's inmate-locator page reflects that Johnson is incarcerated at HDSP and that Brian Williams is the current warden for that facility. So, at the end of this order, I direct the Clerk of Court to substitute Brian Williams as a respondent for Respondent Calvin Johnson under Federal Rule of Civil Procedure (FRCP) 25(d).

[2] ECF No. 8.

[3] ECF No. 17.


—

**Background**

In early 2009, Johnson was working as a security guard at the Wyndham Hotel and Resort in Las Vegas, Nevada.[4] That February, he helped two intoxicated female guests back to their room. One of the women left the room, and the other claimed that Johnson sexually assaulted her then abruptly left the room. When her boyfriend later arrived at the room, she told him she had been assaulted, and they contacted the police. The following month, Johnson and another security guard escorted a woman who had had a dispute with a group of other women in the hotel lobby back to her room. That woman claimed that, once the second security guard left her room, Johnson sexually assaulted her.[5] A Clark County, Nevada, jury convicted Johnson of sexual assault for the March incident[6] and acquitted him on the February one.[7] The state district court sentenced Johnson to the mandatory term of 10 years to life in prison,[8] and the judgment of conviction hit the docket on May 11, 2017.[9]

On appeal, the Nevada Supreme Court affirmed Johnson's judgment of conviction,[10] and the Nevada Court of Appeals affirmed the denial of his state postconviction petition in October 2021.[11] Johnson dispatched his federal habeas petition in April 2022,[12] which contains 11 grounds for relief:

---

[4] *See* ECF No. 8.
[5] *Id*.
[6] Exh. 70.
[7] ECF No. 28-3, Exh. 70.
[8] ECF No. 28-8, Exh. 75.
[9] ECF No. 28-9, Exh. 76.
[10] ECF No. 29-8, Exh. 94.
[11] ECF No. 31-15, Exh. 130.
[12] ECF No. 8.

**Ground 1**: The state district court violated Johnson's due-process right to a fair trial by refusing to sever the two charges of sexual assault.

**Ground 2**: The state district court violated Johnson's constitutional right to present a complete defense by not allowing the admission of a police-interview statement by another security guard who helped Johnson escort one of the victims to her hotel room.

**Ground 3**: The prosecution violated Johnson's due-process rights by failing to collect video-surveillance evidence.

**Ground 4**: The state district court violated Johnson's due-process right to a fair trial by allowing the prosecution to introduce irrelevant bad-act evidence.

**Ground 5**: Cumulative errors warrant reversal.

**Ground 6**: Trial counsel was ineffective for failing to conduct an adequate pretrial investigation, retain experts, and consult other witnesses to challenge the prosecution's witnesses.

**Ground 7**: Trial counsel was ineffective during jury selection for failing to retain an expert jury consultant and failing to file a pretrial motion for sequestered individual voir dire.

**Ground 8**: Trial counsel was ineffective for failing to file a motion for a defense psychiatric examination of the alleged victims and a motion to dismiss for loss of potential exculpatory evidence or to seek an adverse-inference instruction.

**Ground 9**: Trial counsel was ineffective for not properly preparing Johnson to testify, failing to raise a meritorious character defense, and failing to prepare an adequate closing argument.

**Ground 10**: Appellate counsel was ineffective for failing to raise the most meritorious issues on appeal.

**Ground 11**: Cumulative errors of counsel warrant reversal.[13]

Respondents move to dismiss the petition as untimely.[14] They also argue that ground 6 is procedurally defaulted in part.[15] The respondents also move to seal Johnson's presentence

---

[13] ECF No. 8.

[14] ECF No. 17.

[15] Johnson opposed, and respondents replied. ECF Nos. 37, 40.

investigation report, which was filed as an exhibit to their motion to dismiss, and Johnson moves to strike the respondents' reply brief based on perceived violations of the court's briefing rules.[16]

**Discussion**

**I.    Respondents have demonstrated that Johnson's petition must be dismissed as untimely.**

Federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The Act imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.[17] That deadline can run from the date on which a petitioner's judgment became final by conclusion of direct review, or from the expiration of the time for seeking direct review.[18]

**A.    *Johnson's petition was filed after the AEDPA deadline ran.***

Johnson's judgment of conviction was affirmed on December 27, 2018.[19] The period of "direct review" after which the state conviction becomes final under § 2244(d)(1)(A) includes the 90-day period to file a petition for a writ of certiorari in the United States Supreme Court, whether or not the petitioner actually files such a petition.[20] Johnson did not seek a writ of certiorari, so his conviction became final on March 27, 2019, and his one-year statutory period

---

[16] ECF No. 41.
[17] 28 U.S.C. § 2244(d).
[18] 28 U.S.C. § 2244(d)(1)(A).
[19] ECF No. 29-8, Exh. 94.
[20] *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (holding that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied").

began to run on March 28, 2019. Johnson filed his state postconviction petition 238 untolled days later on November 21, 2019.[21]

"The time during which a properly filed application for state postconviction or other collateral review with respect to the pertinent judgment or claim is pending [must] not be counted toward any period of limitation under [§ 2244(d)]."[22] So Johnson's AEDPA limitations period was statutorily tolled from November 21, 2019, to November 2, 2021, when the Nevada Court of Appeals issued remittitur on his appeal of the denial of the petition.[23] By then, 127 days remained in the limitations period, so Johnson had to file a federal habeas petition by March 9, 2022, in order for it to be timely. But he did not dispatch his federal petition for mailing until five weeks later on April 14, 2022, making it untimely.[24] Indeed, Johnson acknowledges that he filed his federal petition after the limitations period expired.[25]

### B.   *Johnson is not entitled to equitable tolling of the limitations period.*

Recognizing the serious impact of his late filing, Johnson offers an equitable tolling argument. A petitioner is entitled to equitable tolling (essentially an extension) of the filing deadline if he demonstrates both that he pursued his rights diligently and that some extraordinary circumstance stood in his way that prevented timely filing.[26] An extraordinary circumstance is an external force that caused the untimeliness, as opposed to mere oversight, miscalculation, or a

---

[21] ECF No. 29-14, Exh. 100.
[22] 28 U.S.C. § 2244(d)(2).
[23] ECF No. 31-16, Exh. 131.
[24] ECF No. 8.
[25] ECF No. 37 at 6.
[26] *Holland v. Florida*, 560 U.S. 631 (2010).

5

petitioner's negligence.[27] Courts are reluctant to find due diligence if there is a significant delay after claims become available,[28] and the petitioner must show reasonable diligence not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after, up to the time of filing in federal court.[29] The petitioner bears the burden of showing that he is entitled to equitable tolling, and the threshold to meet that burden is high.[30]

Johnson argues that he is entitled to equitable tolling because his facility, the HDSP, has been in a constant state of emergency due to the COVID-19 pandemic, extreme violence, and staff shortages since March 18, 2020, which has limited his direct access to the law library.[31] HDSP has instituted Modified Program Operations (MPO), which Johnson describes as limited inmate access to the outdoor yard, limited tier activity, and limited direct law-library access. He states that HDSP permitted no direct law-library access from November 2021 to April 2022. He insists that he submitted multiple requests and inmate grievances regarding his access to the law library. Johnson says that he was not able to communicate directly with the Inmate Counsel Substitute (ICS) until late March 2022, when he was finally able to give his ICS all of the documents necessary from the state-court proceedings to prepare the federal petition.[32]

Respondents contend that Johnson fails to show that extraordinary circumstances prevented him from timely filing or that he pursued his rights diligently.[33] They attach the

---

[27] *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)
[28] *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).
[29] *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020).
[30] *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).
[31] ECF No. 37 at 7–9.
[32] *Id*.
[33] ECF No. 40 at 4–6.

declaration of the current HDSP Law Library Supervisor, in which she explains that inmates have two-hour slots at two different times per day when the library can accommodate 38 inmates, with 25 stations available.[34]  The supervisor accepts appointment forms up to one day before the requested appointment time.  During a current appointment, she provides inmates with an appointment form so that they can choose to fill out the request before they leave rather than submitting the request through HDSP mail.  If inmates choose not to come to the law library, they have the same access to the law library in their cell, including access to e-filing, copy work, case research, notary services, and legal assistance from the Law Library Inmate Workers.

The current supervisor was not working at HDSP during the time frame that Johnson wants tolled, but she reviewed the HDSP appointment log, which indicated that Johnson made no law-library appointments from November 2, 2021, through March 9, 2022.  She also attests that Johnson filed a grievance on February 28, 2022, asserting that the law library refused to fulfill his case law request.[35]  HDSP denied that grievance on March 9, 2022, because Johnson did not provide the Inmate Request Form or other evidence showing that a request was denied.  He was directed to file the grievance with documentation, but he did not refile the grievance or provide any evidence.

Respondents also provide a grievance from July 2021 in which Johnson complained that he was being prevented from accessing ICS.[36]  Prison personnel denied the grievance, stating that, while Johnson had selected an inmate who is not housed in the same location as Johnson, HDSP does not require that inmates requesting assistance live in the same area as inmates

---

[34] ECF No. 40-1, Exh. 1.  I note that it's unclear how many days per week library sessions are available.  I also presume that "stations" are computers with access to legal materials.

[35] Respondents do not include a copy of that grievance.

[36] ECF No. 40-2, Exh. 2.

providing assistance. Johnson objected that respondents improperly provided the declaration and the grievance.[37] He also states, without elaborating, that including only one page from the approximately 7–12 page grievance was deceptive.

I am not unsympathetic to the hurdles that *pro se* litigants face when navigating their cases from prison. But Johnson's vague representations that he made numerous attempts to access the law library and was thwarted are belied by the record. The grievance response regarding ICS contradicts his allegation that he was prevented access to an ICS. And Johnson offers no explanation whatsoever for his failure to file his state postconviction petition until 238 days after the judgment became final.[38] So Johnson hasn't demonstrated diligence during the periods both before and after the alleged extraordinary circumstances. Because I am unpersuaded that Johnson is entitled to equitable tolling, I grant respondents' motion to dismiss the petition as untimely.[39]

## II.     Johnson has not demonstrated that the reply brief should be struck.

Johnson also moves to strike respondents' reply in support of their motion to dismiss because they attached the supervisor's declarations and the grievance as exhibits to that brief.[40]

---

[37] ECF No. 41.

[38] *Smith*, 953 F.3d at 598–99. Johnson specifically states that the impediment to filing his federal habeas petition started in March 2020, but he had filed his state postconviction petition in November 2019 and is silent regarding the 238 days of untolled time before he filed that state petition.

[39] Johnson references actual innocence as a gateway through a procedural bar such as the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). At the conclusion of his opposition, he makes only the bare statement that he "maintains actual innocence." I decline to consider this wholly unsupported claim. Respondents also argue that the claim in ground 6 that trial counsel was ineffective for failing to retain a DNA expert is procedurally barred because the state appellate court declined to consider the claim as Johnson raised it for the first time on appeal, which was an independent and adequate state-law basis. ECF No. 17 at 5–6.

[40] ECF No. 41.

The court has the discretion to strike a pleading with an insufficient defense or any redundant or immaterial matter.[41] Johnson points to Local Rule 7-2(g), which proscribes supplemental pleadings without leave of court. But Johnson misapprehends the rule: the respondents were entitled to file a reply,[42] so it was not a supplemental pleading. Respondents merely responded to Johnson's opposition, in which he seeks equitable tolling, by filing their reply brief with exhibits attached that belie his claims. I decline to strike the reply.

**III.  Respondents have demonstrated that the PSI should be filed under seal.**

The respondents move for leave to file under seal Johnson's Presentence Investigation Report (PSI), which is attached to their motion to dismiss as exhibit 74.[43] While there is a presumption in favor of public access to judicial filings and documents, a party seeking to seal a judicial record may overcome that presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure.[44] In general, "compelling reasons" exist if the records may be used for improper purposes.[45]

The respondents have shown compelling reasons to seal exhibit 74. The PSI contains confidential information, and Nevada state law prohibits a PSI from being made part of the public record. Respondents explain that they simply wish to comply with Nevada's statutory requirements and the actions of the state court to ensure that the PSI and Johnson's personal

---

[41] FRCP 12(f).

[42] LR 7-2(b).

[43] ECF No. 32.

[44] *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted).

[45] *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

information in it remain confidential.  So I grant the motion and maintain the seal on exhibit 74.[46]

### IV.     A Certificate of Appealability is not warranted.

The right to appeal from the district court's dismissal of a federal habeas petition requires a certificate of appealability.  To obtain that certificate, the petitioner must make a "substantial showing of the denial of a constitutional right."[47]  "[W]hen the district court denies a petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[48]  Applying these standards, I find that a certificate of appealability is unwarranted.

### Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 17] is GRANTED.**  The **petition is DISMISSED** as untimely.  And because reasonable jurists would not find this decision to dismiss the petition to be debatable or wrong, a **certificate of appealability is DENIED**.

IT IS FURTHER ORDERED that respondents' motion for leave to file exhibit under seal **[ECF No. 32] is GRANTED.  The Clerk of Court is directed to MAINTAIN THE SEAL on Exhibit 74 (ECF No. 28-7).**

---

[46] ECF No. 28-7.

[47] 28 U.S.C. § 2253(c).

[48] *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

IT IS FURTHER ORDERED that petitioner's motion to strike **[ECF No. 41] is DENIED**.

The Clerk of Court is directed to:

- **SUBSTITUTE** Brian Williams for respondent Calvin Johnson, and
- **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
September 13, 2023